# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONALD RAY LEE,

    Petitioner,

vs.

E. K. MCDANIEL, et al.,

    Respondents.

Case No. 3:05-CV-00378-ECR-(RAM)

**ORDER**

    Before the Court are Petitioner's Amended Petition for Writ of Habeas Corpus (#11), Respondents Amended Motion to Dismiss (#50), and Petitioner's Opposition (#64). The Court grants the motion because Petitioner has not exhausted his available state-court remedies for Ground 10 and because Ground 12 is procedurally defaulted.

    On February 7, 1986, Petitioner was convicted of four counts of attempted murder with the use of a deadly weapon and one count of first degree murder with the use of a deadly weapon. Ex. 3 (#16-2, p. 14).[1] Petitioner appealed, and the Nevada Supreme Court affirmed on September 14, 1990. Ex. 7 (#16-3, p. 17).

    Petitioner then filed in state district court a petition for post-conviction relief, pro se. Ex. 11 (#16-4, p. 10). The court dismissed the petition as untimely. Ex. 16 (#16-8, p. 2). Petitioner appealed. On March 31, 1994, the Nevada Supreme Court concluded that the petition was timely,

---

[1] Page numbers in parentheses refer to the Court's computer image of the document. Exhibits at #16 and #17 of the docket are attached to Respondents' first Motion to Dismiss (#16).

vacated the decision of the district court, and remanded the matter. Ex. 19 (#16-8, p. 13). Counsel then started to represent petitioner. The district court held an evidentiary hearing on October 17, 1994. Ex. 21 (#16-9, p. 2). The district court denied the petition. Ex. 22 (#17-2, p. 2). Petitioner appealed, and the Nevada Supreme Court affirmed on June 23, 1998. Ex. 23 (#17-2, p. 11).

Petitioner then filed a federal habeas corpus petition, Case No. 3:98-CV-00642-DWH-(VPC). The Court found that Petitioner had not exhausted his available remedies for one ground, and Petitioner elected to return to state court to exhaust his available remedies.

Petitioner filed in state court a habeas corpus petition. Ex. 25 (#17-3, p. 2). The district court dismissed the petition because it was untimely and successive, and because Petitioner had failed to show cause and prejudice to excuse the application of those procedural bars. Ex. 29 (#17-9, p. 2). Petitioner appealed, and the Nevada Supreme Court affirmed for the same reasons. Ex. 30 (#17-9, p.9).

Petitioner then commenced this action. The Court appointed counsel, and Petitioner filed an Amended Petition (#11).

Respondents first argue that Petitioner has not exhausted his available state-court remedies for Ground 10. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Ground 10 has two components. First, Petitioner argues that the jury, not the judge, should have set his sentence. See Nev. Rev. Stat. § 175.552. Second, Petitioner claims that his sentence for first degree murder was erroneous. The judge sentenced him to life imprisonment without the possibility of parole, plus an equal and consecutive sentence for the use of a deadly weapon. Petitioner notes that he was younger than sixteen at the time of the offense and that the law at the time stated:

> A death sentence shall not be imposed or inflicted upon any person convicted of a crime now punishable by death who at the time of the commission of such crime was under the age of 16 years. As to such person, the maximum punishment that may be imposed shall be life imprisonment.

Nev. Rev. Stat. § 176.025 (1985). Petitioner argues that because the statute did not specify whether parole was possible, the statute should be construed in favor of the more lenient penalty.

Petitioner did not present this ground to the Nevada Supreme Court in his direct appeal; he admitted as much in his Amended Petition (#11). In his Opposition (#64), Petitioner states does not argue whether he exhausted the issue of who should have fixed the sentence, but he does argue that the life-sentence issue is exhausted. Petitioner notes that his direct appeal was combined with that of two co-defendants. Co-defendant Reginald Hayes argued that § 176.025 required a sentence of life imprisonment with the possibility of parole. The Nevada Supreme Court concluded that the statute allowed the imposition of either type of life sentence. Ex. 7, p. 8 (#16-3, p. 24). Throughout its order, the Nevada Supreme Court noted which co-defendants raised particular issues, naming individual co-defendants when less than all three raised a particular issue. Only Hayes raised the issue of § 176.025. "The questions raised by the appellant involve constitutional privileges which are personal to him, and therefore an appeal by his co-defendant can not exhaust the appellant's remedies in the state courts." Williams v. Nelson, 431 F.2d 932, 932-33 (9th Cir. 1970). Ground 10 is unexhausted.

To the extent that Petitioner argues that the Court should subsume Ground 10 into a claim of ineffective assistance of counsel, that claim would still be unexhausted. On direct appeal, the Nevada Supreme Court rejected Petitioner's claim of ineffective assistance of trial counsel because Petitioner needed to raise that issue in a post-conviction petition. Ex. 7, p. 9 (#16-3, p. 25). See also Gibbons v. State, 634 P.2d 1214, 1216 (Nev. 1981). Petitioner did not claim in his state post-conviction petition that counsel provided ineffective assistance for not raising the life-sentence issue of § 176.025. Therefore, treatment of Ground 10 as a claim of ineffective assistance of counsel does not save it.

Petitioner unpersuasively argues that the Court should excuse exhaustion because no effective state corrective process remains to protect his rights. See 28 U.S.C. § 2254(b)(1). If

Petitioner cannot pursue a post-conviction habeas corpus petition in state court, then it is because the one-year period of limitation, Nev. Rev. Stat. § 34.726, or the prohibition against second or successive petitions, Nev. Rev. Stat. § 34.810, would bar the state courts from considering Petitioner's claims.

Sections 34.726 and 34.810 contain exceptions for showing cause and prejudice. State-court standards and federal-court standards for showing cause and prejudice are virtually identical. Robinson v. Ignacio, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004).

The Court will not hold that exhaustion is excused for Ground 10 in the absence of an unequivocal stipulation by Petitioner that these claims in fact would be denied as untimely or successive if he returned to state court to present the claims. Any holding of exhaustion on this basis further will be subject to Respondents' ability to then move to dismiss the claims on the basis of procedural default. See Morrison v. Mahoney, 399 F.3d 1042, 1045-47 (9th Cir. 2005) (Respondents do not waive affirmative defense of procedural default by not raising it in initial motion to dismiss).

Such an unequivocal stipulation, to in truth be unequivocal in light of the application of the procedural default rules under current Nevada state post-conviction procedure, must include concessions that: (1) Petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome these procedural bars; (2) Petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation has probably resulted in the conviction of one who is actually innocent and cannot thereby overcome these procedural bars, see Mitchell v. State, 149 P.3d 33, 36 (Nev. 2006); and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence. Cf. Casey v. Moore, 386 F.3d 896, 919-21 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005) (ground exhausted because of state-law procedural bar is also procedurally defaulted in federal court).

1         In the absence of such concessions, the Court will not hold that there is no possibility that the unexhausted claims in Ground 10 would be considered by the state courts in Nevada.

         In Ground 12, Petitioner claims that he was deprived of a fair trial because the presiding judge had an undisclosed mental illness. Petitioner raised this ground in his first federal habeas corpus petition, Case No. 3:98-CV-00642-DWH-(VPC). It was unexhausted, and Petitioner returned to state court to pursue another state habeas corpus petition. Ultimately, the Nevada Supreme Court determined that the petition was untimely and successive, and that Petitioner had not shown cause and prejudice to excuse the application of those procedural bars. Ex. 30 (#17-9, p. 9) (citing Nev. Rev. Stat. §§ 34.726, 34.810).

         Respondents argue that the Nevada Supreme Court's disposition of the claim Ground 12 has procedurally defaulted it. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

         To demonstrate cause to excuse a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Murray, 477 U.S. at 488 (emphasis added).

         To show prejudice, the petitioner "must establish 'not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial

disadvantage, infecting his entire trial with error of constitutional dimensions.'" Correll v. Stewart, 137 F.3d 1404, 1415 (9th Cir. 1998) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

Petitioner presents six reasons why this Court should find cause to excuse the procedural default. Opposition, pp. 11-12 (#64).

> 1. Information that his trial judge suffered from a mental illness during his trial was not readily available to Mr. Lee until 1992, six years after his direct appeal was filed, and two months after his post-conviction petition was filed.

This argument is unpersuasive. First, as the Nevada Supreme Court noted, while the information of the judge's mental illness was not publicly available, information of the Nevada Supreme Court's reprimands of the judge was publicly available. Ex. 31, pp. 5-6 & n.17 (#17-9, pp. 13-14). Second, although Petitioner might not have known about the judge's mental illness until two months after he filed his first state post-conviction petition, he had observed the judge's behavior during the trial and could have alleged those facts in the post-conviction petition, in a claim concerning the fairness of the trial. Third, the district court dismissed the post-conviction petition as untimely, and in 1994 the Nevada Supreme Court reversed. By that time, information about the judge's mental illness was publicly available. Counsel represented Petitioner after the remand. Counsel could have filed a supplemental petition pursuant to the law governing post-conviction petitions in effect at the time, and counsel could have raised the issue of the judge's mental illness. See Nev. Rev. Stat. § 177.355(1) (1989).[2] Therefore, the timing of Petitioner's first state post-conviction petition is not cause to excuse the procedural default.

> 2. Mr. Lee was denied the assistance of counsel for his state post-conviction petition.

Post-conviction counsel's action or inaction cannot be cause to excuse a procedural default, because Petitioner has no right to effective assistance of post-conviction counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993).

---

[2]A similar provision exists in current state habeas corpus law, which went into effect on January 1, 1993, but does not apply to post-conviction petitions commenced before then. See Nev. Rev. Stat. § 34.750(3).

   3. Given his age and limited education, Mr. Lee could not have been aware that the judge's behavior at trial constituted that of a mentally disturbed individual. None of the attorneys even remotely suggested this during the trial.

As with Petitioner's first assertion of cause, while Petitioner might not have realized that the judge's behavior was the sign of a mentally ill person, he could determine from the judge's behavior whether the judge was treating him fairly, and he could have raised that claim in his first state post-conviction petition.

   4. Mr. Lee's counsel did not object to the judge's behavior at trial, and expecting Mr. Lee to tell him to object, as the Nevada high court suggested, is patently unreasonable.

The Court disagrees with Petitioner's interpretation of the Nevada Supreme Court's holding. That court wrote:

> We have previously stated that good cause might be demonstrated by "'showing that a factual or legal basis for a claim was not reasonably available'" during the statutory period for filing the petition. Here, however, we conclude that Lee failed to demonstrate that the delay was not his fault. The basis for Lee's claim was reasonably available during the statutory period for filing a habeas petition: Lee had an opportunity to observe the judge during his trial and object to any behavior he believed amounted to judicial misconduct, the local newspapers carried stories concerning the judge's medical problems and unusual actions in court, and this court published five opinions which discussed the judge's misconduct.

Ex. 31, p. 5 (#17-9, p. 13) (footnotes omitted). The verb "object" suggests that the Nevada Supreme Court was telling Petitioner that he could have raised a proper-person objection at trial. However, the topic of the sentence was whether Petitioner could have raised the claim in his first state petition. Under those circumstances, the Nevada Supreme Court's determination is no different from this Court's determination that Petitioner observed the judge's behavior and could have alleged those facts in his first state petition.

   5. Mr. Lee's direct appeal was not finally decided until 1998 [sic]. At the first opportunity, Mr. Lee raised the issue of the judge, which was in his first federal petition, filed in 1998.

The first sentence has one of two possible errors. Petitioner's direct appeal from his judgment of conviction was decided in 1990, not 1998. In 1998, the Nevada Supreme Court decided the appeal from Petitioner's first state post-conviction petition, not his direct appeal. Furthermore, as noted above, Petitioner could have raised the issue of the judge's mental illness after the Nevada Supreme

-7-

Court remanded the first state post-conviction petition in 1994, when counsel represented Petitioner and could have filed a supplemental petition.

> 6. There are no facts suggesting that Mr. Lee had access to Las Vegas newspaper articles that, well after Mr. Lee's trial, discussed the judge's mental illness.

The Nevada Supreme Court noted that Petitioner had attached to his second state habeas corpus petition newspaper articles describing the judge's problems; the articles were dated before resolution of the direct appeal. Regardless of when Petitioner himself had access to the newspaper, by 1994 his counsel had access to those articles, and to the Nevada Supreme Court's decisions on the judge's misconduct and mental illness.

Because none of the reasons that Petitioner proposes demonstrate cause to excuse the procedural default, the Court dismisses Ground 12.[3]

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#50) is **GRANTED**.

IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of Ground 10, or for other appropriate relief. Within ten (10) days of filing such motion or stipulation, Petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion or stipulation, and that he has authorized that the relief sought therein be requested or that the stipulation and concessions therein be made. Failure to comply with this Order will result in the dismissal of this action.

///

///

---

[3] Petitioner does not argue prejudice, which is the second element required to excuse a procedural default. Petitioner might be assuming that mental illness is prejudicial by its very nature, but proof of prejudice requires more than an unstated assumption. Because Petitioner does not discuss prejudice, the Court will not consider it. See Casey v. Moore, 386 F.3d 896, 921 n. 27 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).

1  IT IS FURTHER ORDERED that Ground 12 is **DISMISSED** as procedurally
2  defaulted.
3  DATED:  May 28, 2008

_____
EDWARD C. REED
United States District Judge